**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

|  |  |
|---|---|
| **UNITED STATES,** | ) |
| Plaintiff, | ) |
|  | ) Case No. 3:18-cr-0042 |
| v. | ) |
| **NGOC YEN NGUYEN,** | ) |
| Defendant. | ) |

**ATTORNEYS:**

**Gretchen C.F. Shappert, United States Attorney**
**Meredith Edwards, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
 *For the United States of America,*

**Richard Coughlin, Federal Public Defender**
**Kia Danielle Sears, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
 *For Ngoc Yen Nguyen.*

## MEMORANDUM OPINION

**MOLLOY, J.**

  **BEFORE THE COURT** is the motion of Ngoc Yen Nguyen ("Nguyen") for compassionate release. (ECF No. 133.) For the reasons stated below, the Court will deny Nguyen's motion.

### I. FACTUAL AND PROCEDURAL HISTORY

  Nguyen is a 23-year old woman with no health conditions other than an alleged body mass index ("BMI") of 31. On March 7, 2019, Nguyen pled guilty to conspiracy to possess with intent to distribute 10.9 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), b(1)(ii), and (b)(1)(A)(iii). Thereafter, on October 31, 2019, Nguyen was sentenced to a term of imprisonment of 63 months and a term of supervised release of 5 years.

*United States v. Nguyen*
Case No. 3:18-cr-0042
Memorandum Opinion
Page 2 of 9

On July 24, 2020, Nguyen filed a motion for compassionate release. *See* ECF No. 133. In her motion, Nguyen asserts that she is 5'7" and 198 pounds resulting in a BMI of 31. *Id.* at 10. Nguyen also asserts that she is currently housed at FCI Danbury's satellite low security prison along with approximately 160 other women on an open floor with cubicles. *Id.* at 4. Nguyen resides in one cubicle with three other women. *Id.* at 4-5. Nguyen asserts that the cubicle contains two bunk beds separated by approximately four feet. *Id.* at 5. Additionally, Nguyen asserts that the 160 women on her floor all use the same bathrooms, phones, and computers. *Id.* Nguyen argues that such housing conditions, which provide no effective means of allowing her to socially distance herself, along with "the exponential spread of the COVID-19 virus at FCI Danbury during the first wave of the pandemic, the impending second wave which places her at great risk of severe illness and/or death if she contracts the virus, and FCI Danbury's inability to comply with social distancing requirements to limit the serious threat posed to Ms. Nguyen should she contract the virus," *id.* at 1, present an extraordinary and compelling reason to warrant relief under 18 U.S.C. § 3582(c)(1)(A). Nguyen also argues that (1) "given the COVID-19 pandemic, the service of one-third of her sentence now adequately reflects the seriousness of her offense and has provided just punishment for same," *id.* at 12; (2) she "has been both compliant and productive while incarcerated," *id.*, thus demonstrating that she presents no risk to public safety and has been adequately deterred from criminal conduct; (3) the Court may impose any additional conditions of supervised release to ensure that she does not present a risk to the public and is adequately deterred from future criminal conduct; and (4) she "will be safer at home with her family, where she can take greater measures to socially distance that simply are not possible at FCI Danbury," *id.* at 14.

On July 31, 2020, Nguyen filed copies of her April 28, 2020 request to the warden that the Bureau of Prisons ("BOP") move for compassionate release on Nguyen's behalf, the warden's May, 6, 2020 denial of Nguyen's request, and Nguyen's May 15, 2020 appeal of the warden's denial. *See* ECF No. 135-1.

On July 31, 2020, the United States filed an opposition to Nguyen' motion for compassionate release. *See* ECF No. 136. In its opposition, the United States argues that,

despite the fact that FCI Danbury was one of the hardest hit facilities early on in the pandemic, the BOP is taking proactive measures to control the spread of the virus and has successfully controlled the spread at FCI Danbury. *Id.* at 5-7. Additionally, the United States argues that Nguyen has not shown that she faces any specific threat due to a serious medical condition individually affecting her rather than the generalized threat COVID-19 poses to the entire inmate population.[1] As such, the United States argues that Nguyen has not shown that extraordinary and compelling reasons warrant her release. Finally, the United States argues that the 3553(a) factors weigh against Nguyen's release. In particular, the United States argues that a reduction in sentence of nearly two-thirds would not reflect the seriousness of the offense, promote respect for the law, or afford adequate deterrence for Nguyen's offense.

## II. LEGAL STANDARD

Title 18, Section 3582 of the United States Code ("Section 3582") provides in pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, before a defendant may file a motion for compassionate release pursuant to Section 3582(a)(1)(A), either (1) the BOP must have had 30 days to consider the defendant's request that the BOP move for compassionate release on

---

[1] The United States highlights that while Nguyen claims a BMI of 31, she has not provided any evidentiary support for that assertion. ECF No. 136 at 11. Indeed, the United States notes that "at the time of her sentencing, Defendant weighed 160 pounds (PSR ¶ 43), which would result in a healthy BMI of 25." *Id.* at 11-12. Moreover, the United States argues that even if Nguyen does have a BMI of 31, "the majority of courts that have attributed obesity to a finding of "extraordinary and compelling reasons" have done so where obesity was but one of at least several other high-risk factors." *Id.* at 12.

*United States v. Nguyen*
Case No. 3:18-cr-0042
Memorandum Opinion
Page 4 of 9

his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Failure to comply with Section 3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release." *See id.*

Once a defendant has met Section 3582(c)(1)(A)'s exhaustion requirement, "a district court 'may reduce [a federal inmate's] term of imprisonment' and 'impose a term of probation or supervised release . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction.'" *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "But before granting compassionate release, a district court must 'consider[ ] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable.'" *Id.* "Those factors include, among other things, 'the history and characteristics of the defendant' and 'the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[, and] . . . to afford adequate deterrence to criminal conduct.'" *Id.* at 330 (citations omitted).

In addition, the United States Sentencing Commission has issued a policy statement addressing the reduction of sentences pursuant to Section 3582(c)(1)(A). That statement provides that a court may reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that (1) "extraordinary and compelling reasons warrant the reduction"; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. Application Note 1 to that policy statement sets forth several circumstances under which the Sentencing Commission has determined "extraordinary and compelling reasons" exist. Such circumstances include certain medical, age-related, or family circumstances and a catchall provision—"Other reasons — As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. n. 1(D).

*United States v. Nguyen*
Case No. 3:18-cr-0042
Memorandum Opinion
Page 5 of 9

The defendant has the burden to show she is entitled to a sentence reduction pursuant to Section 3582(c)(1). *Cf. United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (noting that the defendant has the burden of establishing that he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

### III. ANALYSIS

#### A. Exhaustion of Administrative Remedies

Nguyen attached a request to the warden of her facility dated April 28, 2020. Thereafter, on July 24, 2020—more than 30 days after she made her request—Nguyen filed her motion for compassionate release. As such, Nguyen has satisfied Section 3582(c)(1)(A)'s exhaustion requirement.[2] Thus, the Court will consider the merits of Nguyen's petition.

#### B. Extraordinary and Compelling Reasons

Nguyen argues that her circumstances present extraordinary and compelling reasons warranting a reduction in sentence because she has a BMI of 31 and FCI Danbury cannot adequately limit the threat posed by COVID-19.

COVID-19 is a highly transmissible and deadly disease which has claimed over 229,000 lives in the United States. As of the date of this memorandum opinion, BOP statistics reveal that there are currently one confirmed active positive case among inmates and no confirmed active positive cases among staff at FCI Danbury, the facility where Nguyen is presently incarcerated.[3] *See COVID-19 Cases: Full breakdown and additional details*, https://www.bop.gov/coronavirus/ (last visited November 13, 2020). Further, 80 inmates and 65 staff have recovered while 1 inmate has died. *Id.* FCI Danbury has a total population of 913 inmates: 714 at the FCI, 66 at the Federal Prison Camp, and 133 at the Federal Satellite Low. *See FCI Danbury,* https://www.bop.gov/locations/institutions/dan/ (last visited November 13, 2020).

---

[2] The United States does not dispute that Nguyen has satisfied Section 3582(c)(1)(A)'s exhaustion requirement.

[3] The BOP website does not specify how the statistics for FCI Danbury are spread among the individual facilities within FCI Danbury, *i.e.* the FCI, the Federal Prison Camp ("FPC") and the Federal Satellite Low ("FSL").

Significantly, the CDC has identified numerous underlying conditions that place individuals at an increased risk of severe illness or death if they contract COVID-19. Among other conditions, obesity is identified by the CDC as a condition that increases the risk of severe illness or death from COVID-19. *See* Centers for Disease Control, People With Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last modified November 2, 2020). Obesity is "defined as a body mass index (BMI) between 30 kg/m$^2$ and <40 kg/m$^2$" and severe obesity is a "BMI of 40 kg/m$^2$ or above." *Id.* Here, Nguyen asserts that she has a BMI of 31, but has not provided any medical records or other evidence to substantiate her assertion. Given that Nguyen's claimed obesity is unsubstantiated and on the lower boundary of what the CDC considers to present an increased risk of severe illness, the Court finds that such circumstances do not constitute extraordinary and compelling reasons to warrant a reduction.

### C. Section 3553(a) Factors

Nevertheless, even if Nguyen's circumstances did present extraordinary and compelling reasons to warrant a reduction, the applicable sentencing factors under 18 U.S.C. § 3553(a) do not warrant a reduction in this case. First, the need to reflect the seriousness of Nguyen' offense does not support a reduction in her sentence. Nguyen pled guilty to conspiracy to possess with intent to distribute 10.9 kilograms of cocaine.[4] This is a serious offense. Indeed, Congress has mandated a minimum sentence of ten years for drug trafficking offenses involving 5 or more kilograms of cocaine. *See* 21 U.S.C. 841(b)(1)(A). Here, Nguyen received a sentence of 63 months as she was eligible for a safety valve reduction, but this does not reduce the seriousness of her offense. As such, the Court concludes that the seriousness of Nguyen's offense weighs against a reduction in sentence.

Second, the length of time that Nguyen has served in relation to her sentence does not weigh in favor of her release. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (concluding that the amount of time remaining to be served in an inmate's sentence is an

---

[4] Nguyen also admitted in her plea that her offense involved one brick of cocaine base. The presentence report in this case reported that the cocaine base had a net weight of 1 kilogram.

appropriate consideration under 18 U.S.C. § 3553(a)). Nguyen has served approximately 25 months out of the 63-month term of imprisonment imposed by the Court—less than 40% of her term of imprisonment. Reducing Nguyen' sentence by more than 60% to a 25-month sentence would likely undermine the public's respect for the law and provide inadequate deterrence for drug trafficking offenses. *See, e.g. United States v. Bogdanoff*, No. 12-CR-0190-1, 2020 U.S. Dist. LEXIS 81278, at *13 (E.D. Pa. May 8, 2020) ("[R]educing a sentence by almost two-thirds could . . . have an impact of the public's respect for the law and deterrence."); *United States v. Shayota*, No. 1:15-cr-00264-LHK-1, 2020 U.S. Dist. LEXIS 91619, at *6 (N.D. Cal. May 26, 2020) ("'The length of the sentence remaining is an additional factor to consider in any compassionate release analysis,' with a longer remaining sentence weighing against granting any such motion."). As such, the Court concludes that the need to promote respect for the law and afford adequate deterrence to criminal conduct weigh heavily against a reduction in sentence.

Third, a reduction in Nguyen' sentence would cause unwarranted disparities between Nguyen and her codefendant Brooks. At sentencing, the sentencing judge sentenced Nguyen to 63 months—the low end of the advisory guideline range that is based on a total offense level of 25 and criminal history category of II. The sentencing judge sentenced Nguyen's codefendant Brooks to 77 months based on a total offense level of 27 and criminal history category of I. A review of the record reveals that, in determining the appropriate sentence for each defendant, the sentencing judge considered that there was little to distinguish Nguyen's conduct from her codefendant's conduct.[5] As such, the Court concludes that the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct weighs against a reduction of Nguyen's sentence to 25 months.

Fourth, it is unclear whether Nguyen would not be a danger to the community if released. Nguyen was ordered detained pending trial on a finding by the magistrate judge

---

[5] The difference in offense level between Nguyen and Brooks resulted from the application of the minor role reduction pursuant to U.S.S.G. § 3B1.2 to Nguyen but not to Brooks. A review of the record reveals that the sentencing judge considered the fact that Brooks recruited Nguyen in his decision to not grant the minor role reduction to Brooks.

that the government had proven by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person and the community. (ECF No. 14.) The magistrate judge based this finding on Nguyen's prior criminal history, the fact that Nguyen committed the instant offense while on probation for another offense, a history of violence or use of weapons, and a history of alcohol or substance abuse. *Id.* at 2. While neither Nguyen's motion nor the United States's opposition discuss any record of discipline while Nguyen has been in the custody of the BOP, Nguyen wrote in her May 15, 2020 appeal of the warden's denial that she has "not engaged in any gang-related or violent behavior," and that her "disciplinary reports have been minor." *See* ECF No. 135-1 at 5. Nguyen argues that she does not pose a danger to the community if released for several reasons. First, Nguyen asserts that she obtained her GED less than four months after her initial detention and has completed the Star New Business Class.[6] She also argues that the fact that the BOP has placed her in a low security satellite prison demonstrates that the BOP agrees that she presents a low risk to public safety. Nevertheless, "[t]he relevant statutory criteria . . . require the [Court] to consider a defendant's history when assessing future dangerousness-including his criminal record." *United States v. Ward*, No. 20-5743, 2020 U.S. App. LEXIS 30955, at *5 (6th Cir. Sep. 29, 2020). In this regard, Nguyen was sentenced with a criminal history category of II because she committed this offense while on probation for a DUI involving controlled substances. Given (1) the pretrial finding that the Government had proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community and (2) the lack of evidence regarding Nguyen's disciplinary record while in the custody of the BOP, the Court finds that Nguyen's rehabilitative efforts are not sufficient to demonstrate that she would no longer pose a danger to the community if released. As such, the Court concludes that this factor weighs against Nguyen.

The Court is sympathetic to Nguyen's concerns regarding the risk posed to her health by COVID-19. Indeed, imprisoned persons are at greater risk of contracting the virus because

---

[6] Nguyen provided documentation of her GED prior to sentencing, *see* ECF No. 120-1, but did not provide any documentation of the business class.

*United States v. Nguyen*
Case No. 3:18-cr-0042
Memorandum Opinion
Page 9 of 9

they live in close quarters, inhabit communal spaces for eating, and are often in close contact with other people. *See, e.g., United States v. Perez*, No. 15-cr-02874-BAS-1, 2020 U.S. Dist. LEXIS 118613, at *8 (S.D. Cal. July 6, 2020) ("Those in custody, by virtue of their close proximity, are at greater risk of contagion."). "Yet that cannot mean that all individuals in custody, regardless of their exposure, risk, or criminal background, should be released under the 'extraordinary and compelling' reasons section of the compassionate release provisions." *Id.* Here, none of the section 3553(a) factors weigh in favor of reducing Nguyen's sentence. As such, even if the Court had found Nguyen's circumstances to be extraordinary and compelling, the Court is not persuaded that the substantial reduction in Nguyen's term of imprisonment that would be required to grant her compassionate release is warranted.

## IV. CONCLUSION

Nguyen has failed to demonstrate an extraordinary and compelling reason for this Court to consider her request for compassionate release. Indeed, Nguyen presents no evidence that she has an individual circumstance that subjects her to any greater risk than that faced by imprisoned populations in general. Additionally, upon weighing the applicable factors listed in section 3553(a), release is not warranted. For the reasons stated above, the Court will deny Nguyen's motion for compassionate release. An appropriate Order follows.

**Dated:** November 13, 2020

/s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**District Judge**